No. 589, Misc. SULLIVAN v. VIRGINIA. Sup. Ct. App. Va. Certiorari denied.

MR. JUSTICE WHITE, with whom MR. JUSTICE BRENNAN joins, dissenting.

After denying petitioner's motion to suppress, the trial court below admitted into evidence a tie clasp, keys, radio, and coins which had been searched for and seized in the home of petitioner's mother, where they had been left by petitioner. Although the trial judge found invalid the search warrant under which the police purported to conduct their search, he nevertheless held that these items were admissible against petitioner because his mother had consented to the search and, in the alternative, because petitioner lacked standing to challenge the search and seizure. The first ground advanced by the trial court for denying the suppression motion is appropriate for reconsideration in light of the Court's subsequent decision in *Bumper* v. *North Carolina,* 391 U. S. 543 (1968). The second ground plainly is inconsistent with the Court's decision in *United States* v. *Jeffers,* 342 U. S. 48 (1951), where it was held that the Fourth Amendment protects "effects" as well as "houses" and that the defendant "unquestionably had standing to object" to the warrantless seizure of narcotics which he had left in his aunts' hotel room. I would grant certiorari in this case to consider the apparent conflict between the decision below and the decisions of this Court in *Jeffers* and *Bumper.*

No. 1253, Misc. BURKE v. LANGLOIS, WARDEN. Sup. Ct. R. I. Certiorari denied. *Herbert F. De Simone,* Attorney General of Rhode Island, *Donald P. Ryan,* Assistant Attorney General, and *Irving Brodsky* and *Luc R. La Brosse,* Special Assistant Attorneys General, for respondent.